## SMITH v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES.—If a telegraph company undertake to deliver on Sunday such a message as may be legally transmitted and delivered on that day, it must have reasonable office hours for that day.

2. IBID.—NEGLIGENCE.—Where evidence shows that the message, "If you want to see H. alive come at once," was transmitted and received on Sunday, continued effort made to deliver during office hours on that day, that such hours were reasonable, delivery of message on Monday, no special agreement to deliver after office hours, nothing in the message or otherwise to show that company had notice that addressee desired to accompany her sister's remains, that addressee could not have reached her sister before death if message had been promptly delivered; *held,* there was no evidence of a reckless disregard of defendant's duty, nor of negligence by it which was a proximate result of mental anguish of addressee.

Before GAGE, J., Cherokee, March term, 1904.   Reversed.

Action by Joanna Smith against Western Union Tel. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Evans & Finley* and *J. H. Marion,* for appellant.

*Messrs. Evans & Finley* cite: *Christianity is a part of the common law:* 2 Strob., 524; 57 S. C., 52.

*Messrs Hart & Bell,* contra.

July 11, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The complaint in this action was brought to recover damages for mental anguish for alleged negligent and wilful failure to promptly deliver the following message: "Joanna Smith, Gaffney, S. C.   If you want to see Hannah alive, come at once."   (Signed) "John Corrie."

This appeal comes from the judgment, on verdict, for $100 in favor of plaintiff. The complaint alleged that by reason of the failure to promptly deliver said message, the plaintiff was deprived of seeing and being with her sister before her death and of accompanying her remains from the city of Asheville, N. C., to Gaffney, S. C., and was thereby subjected to great mental anguish and suffering. The message was filed with the defendant company at Asheville, N. C., on Sunday, November 8th, 1903, to be transmitted to plaintiff at Gaffney, S. C. It was received by the Gaffney office at 4.50 P. M., Sunday. The office hours at Gaffney on Sundays were from 8 A. M. to 10 A. M., and from 4 P. M. to 6 P. M. The messenger made effort to deliver the telegram, and returned to the office with the message undelivered at 6 P. M., when the office was closed and the message left therein for delivery the next day. About fifteen minutes after the closing of the office, the messenger boy, on his way home, obtained information as to the place of residence of the plaintiff, but, because the office was closed, did not make any further attempt to deliver on that day. The message was delivered the next day, Monday, between 8 and 9 A. M. The plaintiff's sister died a short while before 12.55 P. M., November 9th, 1903. Train 35 passed Gaffney for Spartanburg at 11.53 Sunday night, and train 39 passed Gaffney for Spartanburg at 9.14 Monday morning. These trains connected at Spartanburg with the train for Asheville, due to leave Spartanburg at 10.35 A. M, and arrive at Asheville at 1.50 P. M.

The first question presented by the exceptions is whether the Circuit Court erred in modifying defendant's third request, by charging the jury that when a telegraph company opens its office for business on Sunday, it must be shown that its office hours on that day are reasonable. Defendant's third request was as follows: "These hours need not be the same on Sunday as on other days of the week. A telegraph company may not open its office for business at all on Sunday, and when it does, may

limit these hours to a very small part of the usual time devoted to the transaction of business on other days." With reference to this request, the Court charged the jury in these words: "Sunday is a day of rest, and a telegraph company may close its office and stay closed for the day; but if it does open its office for business, it must have reasonable hours."

No breach of duty should be predicated upon a failure to do what is forbidden by law, but there is nothing in the law to prevent a telegraph company from undertaking to transmit and deliver a message like the one in question on Sunday. Our statute, sec. 500, Criminal Code, provides as follows: "No tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any worldly labor, business or work of their ordinary callings upon the Lord's Day (commonly called the Sabbath) or any part thereof (work of necessity or charity only excepted); and every person being of the age of fifteen years or upwards offending in the premises shall, for every such offense, forfeit the sum of one dollar." So that if this statute be held to prohibit an operator or messenger from delivering ordinary social and business telegraphic messages on Sunday, it would have no application to a message of the kind in question, as it properly falls within the excepted classes as a work of necessity or charity, since it relates to sickness and approaching death of a relative. *Doyle* v. *Lynn & Boston Ry. Co.,* 118 Mass., 195; 19 Am. Rep., 431; *G. C. & Santa Fe Ry. Co.* v. *Levey,* 59 Texas, 542, 46 Am. Rep., 269; *Western Union Telegraph Co.* v. *Wilson,* 93 Ala., 32; 30 Am. St. Rep., 27. The defendant, therefore, having undertaken to transmit and deliver such a message, was bound to exercise ordinary care to promptly deliver the same. A telegraph company may, however, establish reasonable office hours in the conduct of its business, and is not ordinarily bound to deliver messages outside such hours. *Bonner* v. *Western Union Tel. Co.,* 71 S. C., 303; *Harrison* v. *Western Union Tel. Co.,* 71 S. C., 387. But, inasmuch as ordi-

nary business is generally suspended on Sunday, it is manifest that it is not encumbent on a telegraph company to observe the same number of hours on Sunday as on week days. But, nevertheless, if it undertakes to deliver messages, which may be transmitted and delivered on Sunday, it is bound to observe such hours as are reasonably required for the proper discharge of its duty. Due consideration must be had to the requirements of the community on Sundays. Appellant, therefore, cannot complain that its third request to charge was modified so as to require it to observe reasonable office hours on Sunday.

The next question is whether the Court erred in refusing defendant's motion for a new trial. Appellant contends that there was no testimony tending to establish or sustain the verdict of the jury; (a) in that there is an entire absence of proof that the delay in the delivery of the telegram was a proximate cause of the injury plaintiff is alleged to have sustained; (b) in that there is an entire absence of proof of any actual damages suffered by the plaintiff on account of the alleged delict of the defendant; (c) in that there is an entire absence of testimony tending to establish wanton negligence, wilful misconduct, or such state and frame of mind on the part of the defendant as will permit of exemplary damages; and (d) in that, from the uncontradicted and undisputed testimony, only one inference can be drawn as a matter of law, to wit: that the delay in the delivery of the telegram did not deprive plaintiff of reaching and seeing her sister while alive, and did not prevent her from accompanying her sister's remains from Asheville to Gaffney. This exception is well taken.

We see nothing in the testimony from which it could be inferred that the defendant recklessly disregarded its duty. The evidence showed that the message was promptly transmitted to Gaffney; that from the time of its receipt at the Gaffney office to the closing hour of that office a continuous effort was made to deliver the message to the plaintiff; that the closing hour of the Gaffney office on Sunday was rea-

sonable, and there was no allegation or evidence of a special agreement to deliver outside of the reasonable office hours of the defendant. There was, therefore, no foundation for punitive damages.

With respect to damages for mental anguish, even if it be granted that the defendant was negligent, the evidence totally fails to show that the mental anguish from the causes alleged was a direct, natural and proximate result of the defendant's negligence. In so far as plaintiff's suffering resulted from failure to see and be with her sister before her death, the undisputed evidence shows that it would have been impossible for plaintiff to have reached her sister before her death, even if the message had been immediately delivered to her. In so far as plaintiff's mental anguish was the result of her failure to accompany her sister's remains on the train from Asheville to Gaffney, that was something which the defendant company could not reasonably have anticipated as a result of the failure to deliver the message promptly, as there was nothing on the face of the message, or brought to the knowledge of the defendant, to indicate that it was within the contemplation of any one that plaintiff would accompany her sister's remains from Asheville to Gaffney for burial. *Arial* v. *Western Union Tel. Co.,* 70 S. C., 418.

The judgment of the Circuit Court is reversed.