## CAIN v. DALY.

1. INJUNCTION.—CRIMINAL PROSECUTIONS may be enjoined where they are prosecuted under a statute clearly void, and where irreparable injury to property rights may result from its enforcement. That the enforcement of a valid law would materially injure plaintiff's business or property, affords no reason for equitable interference.

2. SEC. 501, CRIMINAL CODE, is not repealed by non-user or by implication.

3. INJUNCTION.—That a criminal statute is not enforced against some violaters, is no ground for restraining a prosecution under a valid law.

4. SEC. 501, CRIMINAL CODE, embraces machines automatically vending mercantile wares on Sunday.

5. LICENSE—SUNDAY.—A city license for conducting a business does not relieve holder of obeying Sunday laws.

Complaint for injunction in original jurisdiction by B. D. Cain against Owen Daly, J. P. Broom, Jas. W. Dunning, T. H. Gibbes, J. M. Graham, Henry T. Thompson, E. H. Cain, E. A. Allworden, Chas. C. Stanley, Robert Moorman and B. P. McMaster.

*Mr. F. G. Tompkins,* for plaintiff (oral argument).

*Mr. Allen J. Green,* for defendants (oral argument).

July 9, 1906.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is a complaint in the original jurisdiction of this Court for an injunction to restrain the

prosecution of plaintiff for violation of sec. 501 of the Criminal Code, which declares that "no person or persons whatsoever shall publicly cry, show forth or expose to sale, any wares, merchandise, fruit, herbs, goods or chattels whatsoever, upon the Lord's Day, or any part thereof, upon pain that every person so offending shall forfeit the same goods so cried, or showed forth or exposed for sale."

The defendants are the chief of police and two policemen, the mayor and other members of the board of police commissioners and the recorder, who are officers of the city of Columbia, and two magistrates of the State located in said city. The plaintiff is engaged in the business of operating, leasing and selling the Doremus Vending Machine within the States of South Carolina and North Carolina, with headquarters at Columbia, S. C., where after procuring a license he installed and operated a number of said machines. The Doremus Vending Machine is described as a small receptacle for wares about eighteen inches in height, six inches in width and six inches in depth, with two locks, one to attach the machine to a table or stand and another to open the drawers for the goods and money; that it is operated by placing a coin in a slot and raising a lever, and the mechanism is such that if the proper coin is so placed, an article of merchandise, which can be plainly seen, will be ejected therefrom. The wares in this case were chewing gum and cigars. The vending machines being operated on Sundays, prosecutions were begun February 27, 1906, against the plaintiff under the city ordinances, secs. 380 and 381, relating to keeping open a shop or store for the transaction of business on the Sabbath Day, and publicly working on the Sabbath Day except in cases of emergency. Plaintiff was found guilty by Recorder's Court and fined, but on appeal to the Court of General Sessions the judgment was reversed, March 3, 1906, and plaintiff discharged. After this plaintiff purchased and installed more of the machines, and on April 8, 1906, warrants were issued before the recorder for a forfeiture of the wares in forty-one of said machines, under the statute quoted

31—74

above. The cases were transferred to magistrate Moorman, and judgment was rendered in one case declaring forfeiture of the goods, and appeal was taken therefrom to the Court of General Sessions, and pending this appeal the other cases were continued. Thereafter the machines were installed again, and on April 15, 1906, warrants were again issued and the goods seized. One of these cases was tried and the goods declared forfeited, and the other cases were continued pending appeal to the Court of General Sessions.

The complaint alleges on information and belief that it is the intention of the defendants to continue to take his goods whenever they are found in said machines on Sunday, and to continue to harass him with prosecutions and suits for forfeiture of the said goods and to interfere with his business representing an investment of several thousand dollars, and that if required to await the determination of said appeals in the lower Courts, he will suffer irreparable loss; that the nature of plaintiff's business and construction of the machines is such that to stop them on Sunday would require him to take in all the machines on Saturday and place them in their accustomed places on Monday, thereby losing the use of them for a greater part of each of these days and causing expense such as to materially injure and perhaps destroy the plaintiff's business. The complaint further alleges that numerous persons and corporations within the city of Columbia openly violate the sections of the Code referring to the observance of the Sabbath, and so far as the plaintiff is informed and believes no one has for a long time been arrested or interfered with in any way for the same, and the complaint charges that the defendants, the police commissioners, are making an unjust attack on his business and that they are actuated therein by prejudice and ill feeling toward plaintiff. It is also alleged that a number of machines of similar design and vending the same class of wares have been operated in the city of Columbia for a long time without interference. The plaintiff asserts that his business does not violate any laws of the city or State, and

that the statute under which his goods were taken is obsolete and of no force in this State, having been superseded for a great many years by city and town ordinances.

The answer submits that plaintiff has a complete and adequate remedy at law for all the wrongs alleged and that the complaint shows no equity.    The defendants deny that their conduct has been actuated by any improper motive or feeling or any purpose to discriminate against plaintiff or affect his business, and allege that their acts were for the purpose of discharging, and were within, their duty as officers; that they never assented to the operation by plaintiff of said machines on Sundays, and that if any other person has operated similar machines on Sunday, the matter has not been brought to their attention; that the only person or corporations allowed to pursue their calling on Sunday within the city of Columbia are domestic servants, venders of ice and milk, street cars and their employees, livery stables, vehicles, etc., engaged in the transportation of passengers, etc., all of which they are advised fall under the head of necessities.

We are of the opinion that the injunction should be denied. Ordinarily a Court of equity has no jurisdiction to restrain criminal proceedings unless such proceedings are instituted by a party to the suit in equity to try the same right in issue before the Court of equity.  *In re Sawyer,* 8 Sup. Ct. Rep., 482; *Crighto* v. *Dahmer,* 70 Miss., 602, 35 Am. St. Rep., 666, and note at page 677 ; 21 L. R. A., 84, and note; 5 Am. & Eng. Dec. in Equity, and citations at page 51.    But when the ordinance or statute under which the prosecutions are had is clearly void and irreparable injury to property rights may result for its enforcement, equity may interfere.   *Dobbins* v. *Los Angeles,* 25 Sup. Ct. R., 22 ; *Georgia R. and Banking Co.* v. *Atlanta,* 45 S. E. Rep., 258, following *City of Atlanta* v. *Gate City Gas Light Co.,* 71 Ga., 126 ; 16 Ency. Law, 372.

It is not even claimed in this case that the statute in question is void on constitutional grounds, but it is alleged to be obsolete—that is, repealed by non-user.  Courts should hesi-

tate long to declare an act on our statute books obsolete from desuetude.   *O'Hanlon* v. *Myers,* 10 .Rich., 130.   The better view is that a statute is in force until repealed by the proper authority, either expressly or by clear implication, as, for example, by the enactment of inconsistent legislation.  In this case, however, there is no foundation whatever to claim that the statute is obsolete.   The statute is substantially in the words of the enactment of 29 Charles II., in 1678; was first enacted here in 1691, 2 Stat., 68; re-enacted in 1712, 2 Stat., 396, embodied in the Revised Statutes of 1873 as sec. 2, chap. 74, page 390, appears as sec. 1632, in the General Statutes of 1882, and as sec. 386 of Revised Statutes of 1893, and finally as sec. 501 of the Criminal Code of 1902.

This shows the attitude of the law-making branch of the government towards the statute, and, in the absence of inconsistent legislation, conclusively rebuts any suggestion of repeal by implication.   Indeed, it would be difficult to mention any law more generally approved and obeyed, or more applicable to these strenuous times, than the one under consideration.   The constitutionality of a Sunday law like this is so generally recognized that there is no need to cite authorities in support of the proposition; but see *City Council* v. *Benjamin,* 2 Strob., 508, reported, also, in 49 Am. Dec., 608, and note at page 616. Conceding a valid law, the fact that its enforcement would materially injure plaintiff in his business or property, affords no sort of reason for equitable interference.

It is also contended that the provisions of this act have been unlawfully enforced against the plaintiff while allowed to be inoperative against others.   The charge made is denied by the defendants, but if it should be regarded as true, it would afford no reason to restrain a prosecution under a valid law.   There would be no hope for the enforcement of law in a given case if the dereliction of duty by an official in other cases should be regarded as a complete protection to offenders.

It is further urged that the act merely forbids the labor of persons on the Sabbath, and being penal cannot be so construed as to embrace automatic machines. This point is novel. No case directly in point has been cited and we have failed to discover any. But the language of the statute is plain and its purpose was to prevent the selling and buying of goods, wares and merchandise on the Lord's Day, by prohibiting the public crying, showing forth or exposing to sale of such articles on that day. The intent is to prevent opportunity for buying as well as selling on the Lord's Day. It may be that the law-makers in 1691 had no conception of such a vending machine, but that cannot be affirmed of the law-makers in 1902, and in any event the language of the statute clearly covers the operating of such a machine on Sunday. The goods in these machines are "exposed to sale" as actually and effectually as if the owner or operator were present showing the goods and delivering the same on receipt of price. The intent and effect is an actual sale and delivery of goods to every customer who will pay the price as directed by the seller. It would in large measure annul the statute if such contrivances to evade it should be held successful.

The fact that plaintiff received license to operate said machines from the city of Columbia is of no avail, as such a license, like other licenses, is subject to the Sunday laws of the State.

There being no ground for equitable interference with said criminal proceedings, the complaint for injunction is dismissed.