6997

### STATE v. JAMES.

1. SUNDAY.—Doing several different acts in pursuance of an ordinary business calling on Sunday constitutes but one offense under section 500 of Criminal Code.

2. IBID.—NECESSITY.—The sale and delivery of ice and fresh meats to the residents of the town of Manning on Sunday is not a work of necessity.

Before PRINCE, J., Clarendon, January, 1908. Affirmed.

Two indictments against James for violating Sunday laws. From order affirming judgment of Magistrate S. M. Youmans, defendant appeals.

*Mr. S. Oliver O'Bryan,* for appellant, cites: *Several acts constitute one violation only:* 57 Am. R., 464; 2 Bish. Cr. Proc., sec. 814. *Delivery of meat and ice in hot months is a necessity:* 50 Ga., 242; 6 Mass., 76; 44 U. S., 714; 2 McC., 448; 21 Ency., 450; 24 Pa., 398; 4 Pa., 375; *Carver v. State,* 35 Am. R.; 33 Am. R., 110; 41 S. C., 553; 42 Ill., 594; 30 N. E., 221; 58 Kan., 328; 27 Ency., 400. *As to the construction of the statute:* 5 Words and Phrases, 4729; 35 Vt., 297; 27 Ency., 393.

*Mr. J. H. Lesesne,* contra, cites: *Each act amounts to a violation of the law:* 9 Ind., 112; 8 Tex. App., 313. *Delivery on Sunday of meat and ice is not an excusable necessity:* 2 Grant (Pa.), 506; 84 Tenn., 476; 74 S. C., 480; 41 S. E., 987; 29 W. Va., 340; 95 Am. Dec., 705; 34 Mo. App., 115; 40 Am. R., 245.

August 31, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, William James, was convicted before a magistrate of the offense of violating the Sunday law, contained in Criminal Code, section 500. The Circuit Court, on appeal, affirmed the judgment of the magistrate.

The defendant is a butcher and ice dealer in the town of Manning. He was arrested on three warrants, charging three separate offenses of selling ice and meat, and delivering ice and meat, to three different persons, and carrying on his ordinary business, by such sales and deliveries on Sunday, 4th August, 1907.

Contrary to the contention of the counsel for the prosecution, the magistrate ordered the three charges to be consoli-

dated into one, holding whatever might be the number of
sales and deliveries, as all were on the same day, they
constituted but one doing or exercising worldly labor,
business or work of the defendant's ordinary calling,
within the terms of the statute.    Our statute is the same as
the English statute (29 Car., 11 Ch., 7).    In deciding under
that statute the precise point here involved, in *Crepps* v.
*Durden,* Cowp., 640, Lord Mansfield said: "On the construc-
tion of the act of parliament the offense is 'exercising his
ordinary trade on the Lord's day,' and that without any
fraction of a day, hours or minutes.    It is but one entire
offense, whether longer or shorter in point of duration.    So,
whether it consists of one or of a number of particular acts,
the penalty incurred for this offense is five shillings.    There
is no idea conveyed by the act itself that if a tailor sews on
the Lord's day, every stitch he takes is a separate offense;
or if a shoemaker or carpenter work for different customers
at different times on the same Sunday, that those are so
many separate and distinct offenses.    There can be but one
entire offense on one and the same day."    This case was
cited and the principle applied in holding a number of acts
of adultery to constitute but one offense in *In re Snow,* 120
U. S., 274; 30 L. Ed., 658.  The argument against this
construction of the statute, on the ground of the inadequacy
of the fine of one dollar to prevent the violation of the law,
loses its force in view of the fact that the General Assembly
has not seen fit to change the penalty, though the judgment
of Lord Mansfield was rendered in 1777 and that of the
Supreme Court of the United States in 1887.

The main question is whether the sale or delivery of ice
or fresh meats to the residents of the town of Manning on
Sunday is a work of necessity.    A work of necessity, within
the meaning of the statute, may be that labor neces-
sary to save the worker himself from unforseen and
irreparable loss, or it may be that necessary to the
community.    There is no evidence that the sales or deliv-

eries here under consideration were made to persons who had any unusual or sudden necessity for these articles, so the question here is whether such sales or deliveries on Sunday are ordinarily necessary to the people constituting the municipal community of the town of Manning. It is impossible to state, in the form of a legal proposition, the degree of need or inconvenience which would amount to necessity. *Lawton* v. *Rivers,* 2 McC., 446. Necessity is an elastic term. It does not mean that which is indispensable, but it means something more than that which is merely needful or desirable. No doubt a thing which is merely needful or desirable to the residents of a town might be a necessity to the residents of a great city. So, also, that which was a luxury a century ago may have become now a necessity. There is always, however, a tendency, which ought not to be sanctioned, to claim accustomed luxuries as necessities falling within the exception of the law.

The obvious intention of the statute is to set apart one day for rest from ordinary labor, so as to give opportunity to all for leisure and the contemplation of the higher things of life. This purpose would be defeated if the Courts should hold every work a necessity, the interruption of which would break into the ordinary habits of the community, or produce a degree of public inconvenience or discomfort. Assuming that supplies could not be laid in on Saturday, there is still no ground to say it is a grievous deprivation not to have ice and fresh meat every day in the week. Discussion of the numerous authorities is unnecessary. Various kinds of labor alleged to fall within the exception of works of necessity in Sunday laws are considered in the following cases: *Com.* v. *White* (Mass.), 5 L. R. A. (N. S.), 322; *McGatrick* v. *Wason,* 4 Ohio St., 566; *Yonoski* v. *State* (Ind.), 41 Am. Rep., 614; *Topeka* v. *Hempstead,* 58 Kan., 328; *Arnheiter* v. *State* (Ga.), 41 S. E., 989; *Hennersdorf* v. *State* (Tex.), 8 Am. St. Rep., 448; *Murray* v. *Com.,* 24 Penn. St., 270; *Com.* v. *Louisville, etc., R. R. Co.* (Ky.), 44 Am.

Rep., 475; *Philadelphia, etc., R. R. Co.* v. *Lehman* (Md.), 40 Am. Rep., 415; *State* v. *McBee* (W. Va.), 43 S. E., 121; *Burns* v. *Moore* (Ala.), 52 Am. Rep., 332; *McGrath* v. *Mervin* (Mass.), 17 Am. Rep., 117; *Hamilton* v. *Austin,* 62 N. H., 575; *State* v. *Knight* (W. Va.), 1 S. E., 569.

So far as we can find, there is no precedent for holding the continuance on Sunday of ordinary sales or deliveries of ice or fresh meat to be a work of necessity in a town, and there is no sound argument in favor of such a conclusion.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.