### 9034

### STATE v. HONDROS.

#### (84 S. E. 781.)

SUNDAY LAWS. CONSTITUTIONAL LAW. COURTS. FORFEITURES.

1. CONSTITUTIONAL LAW—FORFEITURE OF ESTATES.—The provision in the Constitution against forfeiture of estates has no reference to fines and forfeitures as penalties for violation of the criminal law.

2. CONSTITUTIONAL LAW—EXCESSIVE FINES.—The provision in the Constitution against excessive fines has no reference to the forfeiture of goods used in violating the criminal law.

3. SEARCHES AND SEIZURES—SUNDAY LAW—CONSTRUCTION.—Under Cr. Code 1912, sec. 699, declaring that any one publicly crying or exposing for sale any goods or merchandise upon Sunday shall forfeit the goods, a seizure and forfeiture of twelve boxes of cigars partially filled, aggregating 283 cigars, worth $14.15, was not in violation of Const., U. S. Amend. 4, securing the right of the people in their house and effects against unreasonable searches and seizures.

4. CONSTITUTIONAL LAW—"DUE PROCESS OF LAW"—PROSECUTION FOR SUNDAY VIOLATION.—Const., U. S. Amend. 5, and Const., art. I, sec. 5, declaring that no one shall be deprived of life, liberty, or property without "due process of law" only saved to a person the right to be brought into Court and to have a chance there to establish any fact which by the law of the land will protect him and his property,

and are not violated by Cr. Code 1912, sec. 699, *et seq.,* providing for a forfeiture of goods exposed for sale on Sunday, and for summons by a magistrate who upon his own view, confession of the party, or proof of one or more witnesses under oath may order forfeiture of the goods by seizure and sale.

5. CONSTITUTIONAL LAW—SUNDAY LAW—ESTABLISHING RELIGION.—Cr. Code 1912, sec. 699, providing for the forfeiture of goods exposed for sale on Sunday, does not violate Const., art. I, sec. 4, declaring that the General Assembly shall make no law respecting an establishment of religion.

6. CONSTITUTIONAL LAW—COURTS.—The term "punishment" in the constitutional provisions as to the jurisdiction of magistrate's Courts, does not include "forfeitures" prescribed by the criminal law.

7. CRIMINAL LAW—SUNDAY LAWS.—The Criminal Code, section 699, does not make the selling of goods on Sunday a crime punishable by fine or imprisonment, but provides for the forfeiture of the goods exposed for sale, under a judgment *in rem,* after notice to the vendor.

8. CRIMINAL LAW—FORFEITURES—COURTS.—The law confers jurisdiction on magistrate's Courts to proceed against the goods exposed for sale on Sunday and to summon a vendor, and render judgment *in rem* for the forfeiture of the goods.

9. CRIMINAL LAW — JURISDICTION OF MAGISTRATE — "PUNISHMENT." — Const., art. V, sec. 21, gives magistrates jurisdiction, to be prescribed by the General Assembly, not to extend to cases where the punishment exceeds a fine of $100 or imprisonment for 60 days. Cr. Code 1912, sec. 20, gives them jurisdiction of all offenses subject to the penalties of fine or forfeiture not exceeding $100; and section 699, *et seq.,* provides for the forfeiture of goods exposed for sale on Sunday and gives to magistrates authority to summon any offender, and. upon proof, to issue warrant to seize and sell such goods. *Held,* that the magistrate had jurisdiction to forfeit goods exposed for sale on Sunday; the term "punishment" not including a forfeiture.

Before GARY, J., Laurens, June, 1914.    Affirmed.

Appeal by Charley Hondros from a judgment of the Court of General Sessions affirming a judgment rendered by a magistrate for the forfeiture of twelve boxes of cigars exposed for sale on Sunday. The exceptions were as follows:

I. Because his Honor, F. B. Gary, erred in overruling the defendant's exceptions to the judgment of the magistrate and in confirming the said judgment.

II. Because his Honor erred in finding that the defendant did publicly cry, show forth, or expose for sale any wares, merchandise, fruit, herbs, goods or chattels on the Lord's day in violation of sec. 699 of vol. II of the Code of 1912, and there was no testimony tending to show that the defendant did at the time charged violate the said section, but he should have held that he only sold two cigars to one of his boarders as an incident to his meal furnished.

III. Because his Honor erred in not holding that the magistrate had no jurisdiction to pronounce the sentence of forfeiture of the twelve boxes of cigars for the selling of only two cigars from the show case, as the said section 699 does not provide that the magistrate could sentence the defendant to pay a fine not exceeding one hundred dollars or imprisonment for a term not exceeding thirty days and that the said section 699 and the punishment laid down in said section of forfeiture is in violation of sec. 21, art. V, of the Constitution of 1905.

IV. Because the said section 699 is violation of article I of the amendments to the Constitution of the United States respecting an establishment of religion.

V. Because the said section 699 and the judgment of the magistrate and his Honor, the Circuit Judge, in pronouncing a forfeiture of twelve boxes of cigars for selling two cigars are in violation of section 8, article I, and section 19 of article I of the Constitution of this State prohibiting the forfeiture of estates by a conviction and prohibiting the imposition of cruel and unusual punishments and excessive fines.

VI. Because said section 699 and the judgment of the magistrate and of his Honor, the Circuit Judge, are in violation of the fifth and fourth amendments to the Constitution of the United States and of section 5, article I of the Constitution of this State declaring that no law shall be passed or enforced by this State or any other State depriving any person of his property without due process

of law or denying person the equal protection of the law.

VII. His Honor erred in not overruling the judgment of the magistrate and in not dismissing the prosecution.

VIII. Because his Honor erred in finding that the defendant did publicly cry, show forth, or expose for sale twelve boxes of cigars of the value of $14.15 contained in defendant's show case and he should have overruled the judgment of the magistrate in holding that the defendant did publicly cry, show forth, or expose for sale the said quantity of cigars, and his Honor erred in dismissing defendant's appeal and in remanding the case to the magistrate for further proceedings.

*Messrs. W. B. Knight* and *F. P. McGowan,* for appellant.

*Mr. Solicitor Cooper,* for respondent.

March 13, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Conviction before a magistrate's Court for violation of the Sunday laws, as written in section 699 of the Criminal Code of Laws, 1912; appeal to the Circuit Court and the magistrate's judgment there affirmed; appeal here.

The appeal is totally without merit; the judgment below is manifestly right.

The defendant is a native of Greece; it does not appear if he is a citizen of the United States. If he is a citizen of the United States he *ought* to obey the laws of the State; if he is not a citizen of the United States he must obey the laws of this State.

The exiles and martyrs who first settled this territory fixed their character upon its laws; and those who now come hither must conform thereto, until at least, unhappily that character may be changed.

There are eight exceptions; but the appellant has argued upon only five, and four of those five involve issues under the State or Federal Constitutions. Let the exceptions be reported.

The following constitutional enactments are invoked:

State: (1) Art. V, sec. 21, as to a magistrate's jurisdiction.

(2) Art. I, sec. 8, as to a forfeiture of estate.

(3) Art. I, sec. 19, as to excessive fines.

(4) Art. I, sec. 5, as to due process of law.

(5) Art. I, sec. 4, as to establishment of religion.

Federal: (6) Fourth amendment, as to unreasonable seizures.

(7) Fifth amendment, as to due process of law.

The appellant has cited no case and no text to sustain his exceptions about these constitutional enactments; he has simply thrown them in as drag nets, and we are disposed to take them out in like manner.

It is sufficient to say the second, third and sixth 1, 2, 3 cited enactments have no relevancy to the facts of the case at bar.

The seizure and forfeiture here was of twelve boxes of cigars, partially filled, aggregating 283 cigars, worth $14.15. The argument of counsel is that "if the magistrate could pronounce a forfeiture of twelve boxes he could, under the same *modus operandi,* forfeit one thousand boxes, a power void under the principle of *reductio ad absurdum.*"

If there be an absurdity, it lies in the contention that the power to do a reasonable thing involves also the power to do an unreasonable thing.

The fourth and seventh enactments only save to a person the right to be brought into Court, and to have the 4 chance there to establish any fact which by the law of the land would protect him and his property.

The statute in question, and the trial for its violation, does not impinge upon those constitutional enactments.

The fifth enactment has over and again been construed, and against the contention of the appellant. *City* v. *Benjamin,* 33 S. C. L. (2 Strob.) 521; *Cain* v. *Daly,* 74 S. C. 480; 55 S. E. 110; *State* v. *James,* 81 S. C. 198; 62 S. E. 214; 18 L. R. A. (N. S.) 295n.; 16 Ann. Cas. 277.

The first enactment has reference to a magistrate's jurisdiction; and the exact contention is, that in the case at bar the magistrate went beyond the limit fixed by these words of the Constitution, "jurisdiction (to be prescribed by the General Assembly) shall not extend to cases where the punishment exceeds a fine.of $100.00 or imprisonment for sixty days." Const., art V, sec. 21.

At section 20 of the Criminal Code the General Assembly has fixed the jurisdiction of a magistrate in these words: "They shall have jurisdiction of all *offenses* which may be subject to the *penalties* of either fine or forfeiture not exceeding one hundred dollars," etc.

But the same chapter of the Criminal Code, which enacts the Sunday law, expressly confers on magistrates "power and authority to *summon* before him any person who shall offend * * * and upon proof * * * the said magistrate shall give a warrant * * * to *seize* the *said goods* * *. * put on sale * * * and to sell the same."

It has been held that the word "punishment," as used in the Constitution at art. V, sec. 21, does not include a forfeiture, such, for instance, as that prescribed by section 699 of the Criminal Code, Sunday statute. *State* v. *Hunter,* 79 S. C. 91, 60 S. E. 226.

That statute does not make the selling of goods on the "Lord's Day" a crime, punishable by fine or imprisonment; it directs the magistrate to proceed against the *goods* and to forfeit them to the county; there is no punishment of the vendor by fine or imprisonment imposed by the statute; the vendor is not arrested upon a war-

rant issued, he is "summoned" before the magistrate, judgment is *in rem,* and the person of the vendor goes free.

The procedure is not that prescribed by section 28 of the Criminal Code.

The statute prescribed no other process or procedure by which the sale of goods on the "Lord's Day" may be stopped.

Unless a magistrate may proceed to do it, no officer may.

That statute confers the jurisdiction, and the Constitution does not limit the jurisdiction; the jurisdiction is, therefore, lawful to be exercised.

The judgment of the Circuit Court is, therefore, affirmed.