## 9709

### STATE v. SOUTHERN EXPRESS CO. *ET AL.*

#### (92 S. E. 1054.)

1. CRIMINAL LAW—PRESUMPTIONS—CHANGE OF VENUE—DISCRETION.—Since the right to a change of venue is not absolute, but rests in the discretion of the Court, the Court on appeal must assume, in the absence of showing of abuse, that the change was properly denied.

2. INTOXICATING LIQUORS—ILLEGAL SHIPMENT—CORPORATION—CRIMINAL LIABILITY.—Acts 1915, p. 140, making it unlawful for any person, firm, corporation, or company to ship liquors in larger quantities than one gallon per month, *held* not to provide for any punishment for a corporation violating the act, since section 7 provides the punishment for "any person" violating the act.

Before RICE, J., Charleston, October, 1916.    Reversed.

The Southern Express Company and E. P. Berry were convicted of violating the prohibition statute, and they appeal.

*Mr. T. Moultrie Mordecai,* for appellants, cites: *As to regulations interstate commerce:* 237 U. S. 424 and 597; 204 U. S. 429; 222 U. S. 370; 223 U. S. 1; 236 U. S. 439, 445; 242 U. S. 311. *Corporation not liable for criminal act of servant:* 43 L. R. A. (N. S.) 2, 3; 37 S. W. 79; 153 S. W. 1158; 89 S. W. 537; 121 Ky. 543.

*Mr. Douglas McKay,* also for appellant.

*Mr. Solicitor Stoney,* for respondent, cites: *As to regulations of traffic in intoxicating liquors:* 90 S. E. 402. *Capacity of corporation for crime:* Bishop's New Crim. Law, ch. 28, pp. 255-258; 70 Am. St. Rep. 280, 286; Chitty Crim. Law (2d ed.) 811; Bishop's New Crim. Proc., sec. 1303, *et seq.;* 34 Cal. 48; 91 Am. Dec. 672; 86 S. E. 304.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case was heard along with the cases of *State* v. *Mappus,* 107 S. C. —, 92 S. E. 1053, and *State* v. *Barton,* 107 S. C. —, 92 S. E. 1055. The discussion of the constitutional questions need not be repeated here.

FOOTNOTE.—The word "Person" as including private corporations, see notes in 31 A. & E. Ann. Cas. 1914a, 1308.

1. In this case there was a motion for a change of venue, but the right to change the venue is not an absolute right, but depends largely on the discretion of the trial Judge. It does not appear that his Honor did not exercise his discretion, and we must assume that he did and refuse the motion in the exercise of his discretion. It does not appear that he abused his discretion.

.2. The only other question that legitimately arises in this case is as to the punishment of a corporation for violation of the statute. The statute (the gallon-a-month statute) provides in section 1: "It shall be unlawful for any person, firm, corporation or company to ship, transport," etc.

Section 7 provides: "Any person violating any of the provisions of this act shall be subject to a fine of not less than one hundred dollars, or imprisonment for not less than three months, or both, in the discretion of the Court."

Criminal statutes must be strictly construed. The act itself uses the words, "persons, firms, corporations or company." So the legislature had the difference between persons, firms, corporations and companies in mind, and, mindful of the difference, has seen fit to punish the person, and not the firms, corporations or companies. For this reason the indictment should have been quashed, and the judgment as to the defendant corporation is reversed.