### 12359

#### CHARLESTON OIL CO. v. POULNOT, SHERIFF, *ET AL.*

(141 S. E., 454)

1. SUNDAY—GASOLINE AND MOTOR OILS ARE WITHIN TERM "MERCHANDISE" AS USED IN STATUTE PENALIZING SELLING MERCHANDISE ON SUNDAY (CR. CODE 1922, § 714).—In view of accepted dictionary definitions, gasoline and motor oils are embraced in the term "merchandise" as used in Cr. Code 1922, § 714, penalizing selling of merchandise on Sunday.

2. SUNDAY—SALE OF GASOLINE AND MOTOR OILS ON SUNDAY IS 'NOT "WORK OF NECESSITY," WITHIN STATUTE PENALIZING SUNDAY WORK (CR. CODE 1922, §§ 713, 714).—Since gasoline or motor oils are embraced in term "merchandise" in Cr. Code 1922, § 714, it cannot be held as a matter of law that their sale on Sunday can be declared a work of necessity and not within penalty of Section 713 for working on Sunday.

3. EVIDENCE—COURT CANNOT NOTICE LEGISLATIVE INTENT OF ACT PERMITTING SALE OF GASOLINE ON SUNDAY, VETOED BY GOVERNOR.—

NOTE: As to whether sale of gasoline or oil is a necessity within Sunday Laws, see annotation in 47 A. L. R., 1106; 25 R. C. L., 1421.

Since to repeal statute under Constitution, repeal Act must be voted favorably by a majority of General Assembly and be approved by Governor, Court cannot take notice of legislative intent of Act adopted by General Assembly permitting sale of gasoline and motor oils on Sunday where Act was vetoed by the Governor.

4. SUNDAY—FAILURE OF GENERAL ASSEMBLY TO AUTHORIZE SALE OF GASOLINE ON SUNDAY OVER GOVERNOR'S VETO EVIDENCES INTENTION THAT SUNDAY STATUTES REMAIN IN FORCE (CR. CODE 1922, §§ 713, 714).—Where Act adopted by General Assembly permitting sale of gasoline and motor oils on Sunday was vetoed by the Governor, failure of General Assembly to pass proposed legislation over Governor's veto should be regarded as evidence that General Assembly intended that Sunday Statutes (Cr. Code 1922, §§ 713, 714), remain in full force.

5. SUNDAY—BURDEN OF SHOWING THAT SALE OF GASOLINE AND MOTOR OIL IS WORK OF NECESSITY OR CHARITY WITHIN EXCEPTION OF SUNDAY STATUTES RESTS ON SELLER (CR. CODE 1922, §§ 713, 714).— Since sale of gasoline and motor oil is sale of merchandise within Cr. Code 1922, § 714, and is penalized under Section 713, unless it is work of necessity or charity, burden of showing necessity or charity rests on seller.

6. SUNDAY—GUILT OR INNOCENCE OF PERSON CHARGED WITH VIOLATION OF SUNDAY STATUTE DEPENDS ON FACTS AS BEING WORK OF NECESSITY (CR. CODE 1922, §§ 713, 714).—Guilt or innocence of any person charged with a violation of Cr. Code 1922, §§ 713, 714, providing penalty for working or selling goods on Sunday, depends on facts and circumstances of each case, since works of necessity or charity are excepted therefrom.

7. CORPORATIONS—CORPORATIONS CANNOT BE PENALIZED UNDER STATUTES FOR WORKING OR SELLING MERCHANDISE ON SUNDAY (CR. CODE 1922, §§ 713, 714, 716).—Since enactment of Cr. Code 1922, § 716, was legislative recognition that Sections 713 and 714 did not contemplate punishment of corporations for violation of Sunday laws, and since the law as declared in Section 713 applied only to persons between age of 15 years and upwards, corporations could not be penalized, under Sections 713 and 714, for working or selling goods on Sunday.

8. CORPORATIONS—WHILE CORPORATIONS COULD NOT BE PUNISHED UNDER SUNDAY STATUTES, THEIR OFFICERS AND AGENTS WHO VIOLATE THEM ARE PUNISHABLE THEREUNDER (CR. CODE 1922, §§ 713, 714).—While corporations cannot be indicted and punished under Cr. Code 1922, §§ 713, 714, for working or selling goods on Sunday, their officers,

agents, and servants who violate the statutes are subject to prosecution thereunder.

9. SUNDAY—ACTS PENALIZING WORKING AND SELLING OF GOODS ON SUNDAY HELD NOT UNCONSTITUTIONAL (CR. CODE 1922, §§ 713, 714). —Cr. Code 1922, §§ 713, 714, providing penalty for working on and for selling goods on Sunday, *held* not violative of State Constitution.

10. INJUNCTION—EQUITY COULD NOT ENJOIN OFFICERS FROM PROCEEDING TO ENFORCE VALID STATUTES PROHIBITING WORKING OR SELLING GOODS ON SUNDAY (CR. CODE 1922, §§ 713, 714).—Since Cr. Code 1922, §§ 713, 714, penalizing working on or selling of goods on Sunday are valid enactments, equity could not grant injunction restraining Sheriff and Constable from attempting to enforce their provisions so as to prevent sale of gasoline and motor oils on Sunday.

Before GRIMBALL, J., Charleston, March, 1927. Reversed.

Action by the Charleston Oil Company, for itself and the class which it represents, against Joseph Poulnot, Sheriff of Charleston County, and others. From a judgment for plaintiffs, defendants appeal.

The order of Judge Grimball is as follows:

This is a proceeding to restrain the Sheriff of this County, Chief State Constable, and other officers of like nature from interfering with plaintiff and others who sell gasoline and motor oils on Sundays.

After hearing the return of the defendants and arguments of counsel, and after carefully considering all of the facts and the law applicable to this case, I am convinced that an injunction *pendente lite* should be granted.

As the Court well said in the case of *Pirkey Bros. v. Commonwealth,* 134 Va., 713; 114 S. E., 764; 29 A. L. R., 1290:

"We cannot, however, agree with the few Courts that hold that the word 'necessity' must be construed to mean the same thing now as it did when the original Act was passed in 1779. Many things that were deemed luxuries then, or had no existence at all, are now deemed necessaries.

For example, street railways, telegraphs and telephones. The word is elastic and relative, and must be construed with reference to the conditions under which we live," etc.

Similar expressions are found in one of our own cases of *State v. James,* 81 S. C., 197; 62 S. E., 214; 18 L. R. A. (N. S.), 617; 128 Am. St. Rep., 902; 16 Ann. Cas., 277.

I, therefore, hold that in these times, the use of the automobile is also a necessity, and that the sale of gasoline and motor oils on Sundays should be deemed a work of necessity under our modern conditions of life.

This Court will also note that an Act to permit the sale of gasoline, etc., on Sundays was adopted recently by both Houses of our General Assembly—but was vetoed by the Governor. This may be regarded as an evidence of legislative intent under the rule laid down in *Crook v. Commonwealth,* 147 Va., 593; 136 S. E., 565; 50 A. L. R., 1043.

A careful reading of the Sunday laws of our State convinces me that they are not intended to prohibit the sale of gasoline and motor oils on Sunday.

It is well known that the sale of gasoline is largely under the control of corporations. The Sunday laws apply only to persons over 15, except in the case of Section 716 which prohibits corporations from directing work in machine shops.

Sections 713 and 714, therefore, are not applicable to corporations. *State v. Southern Express Co.,* 107 S. C., 349; 92 S. E., 1054.

There can be no forfeiture under Section 714 of goods offered for sale on Sunday by corporations, as the Act provides that "the person so offending shall forfeit, etc."

The Act in question evidently meant to cover articles such as fruits, merchandise, goods, etc., that were usually cried and exposed for sale by merchants and hucksters in the olden days, and, in my judgment, did not and does not

contemplate placing a bar on the sale of gasoline and motor oils.

In addition to this, plaintiffs claim that defendants have threatened it and others in like plight with arrest and interference with its business on Sundays.

Section 2066 of Code of Laws, South Carolina, 1922, Volume 3, distinctly provides that no criminal process shall be served on Sunday except for "treason, felony, or breach of the peace."

Section 717 of Volume 2 provides how the Sunday laws may be enforced. Therefore, any attempt to serve a warrant or to arrest plaintiff or its agents or others in like plight on Sunday for offenses under Sections 713 and 714 would be in plain violation of law and should be restrained by the Courts.

It is, therefore, ordered that the restraining order heretofore issued be continued in force, and that pending this litigation and until the further order of the Court, defendants and all Deputy Sheriffs, Constables, peace officers of whatsoever style or character they may be called, and all persons assuming to act in any such capacity whatsoever, be, and they are hereby, enjoined and restrained from arresting, molesting, or interfering with plaintiff, its servants, and agents, or any other corporation or corporations, person or persons, firms or associations in this County who may sell, show forth, or expose to sale or who may have sold, showed forth, or exposed to sale gasoline and motor oils on the Lord's Day, commonly known as Sunday.

It is further ordered that plaintiff do file with the Clerk of this Court a bond or undertaking in this cause without sureties, in the sum of $250.00 to the effect that plaintiff will pay to the parties hereby enjoined such damages not exceeding said amount of $250.00 as they may sustain by reason of this injunction, should the Court finally decide that plaintiff was not entitled thereto.

*Messrs. John M. Daniel, Attorney General; Cordie Page, Assistant Attorney General,* and *Mendel L. Smith,* for appellants, cite: *General sale of gasoline and oils on Sunday is not a necessity:* 47 A. L. R., 1104, 1106; 2 Strob., 521; 100 S. C., 242; 74 S. C., 484; 81 S. C., 200; 20 Ark., 291. *Statute prohibits such sale:* Secs. 713, 714, 716, Code. *Applicable to corporations:* Sec. 341, Code; 15 W. Va., 362; 7 R. C. L., 731; 101 S. E., 357. *Equity possesses no power or jurisdiction to issue an injunction restraining threatened criminal prosecution:* 25 L. R. A. (N. S.), 208, 193; 125 N. Y., 784; 74 S. C., 483; 2 L. R. A. (N. S.), 633–6; Storey's Eq. Jur., Sec. 893; 31 L. Ed., 406; 43 L. Ed., 542; Rose's Notes, 23, 131; 5 Pom. Eq. Jur., Sec. 1890; 263 U. S., 214; 239 U. S., 37–38; 264 U. S., 243; 223 U. S., 621; 125 N. Y., 784.

*Messrs. H. L. Erckman* and *F. W. Aley,* for respondents, cite: *Sunday statutes passed not to enforce religious observance but to give people a rest and recreation:* 2 Strob., 530; 113 U. S., 703, 710. *The question of the necessity of a thing is a question of fact:* 114 S. E., 769; 81 S. C., 197. *Attempt on part of General Assembly at last session to enact law allowing sale of gasoline and oils on Sunday is evidence of legislative intent:* 136 S. E., 565; Secs. 713, 714. *Code not applicable to corporations:* 107 S. C., 349. *No criminal process may be served on Sunday; exceptions:* Sec. 2066, Code. *Injunction is proper here:* 72 S. C., 90; 74 S. C., 480; 195 U. S., 223; 239 U. S., 33; 240 U. S., 369; 223 U. S., 605; 47 Sup. Ct. Rep., 681.

January 20, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff, a corporation, for itself and the class which it represents, instituted this action against the defendant, Poulnot, as Sheriff of Charleston County, and Rector, as Chief State Constable, and the class of officers whom they

represent, in the Court of Common Pleas for Charleston County, for the purpose of both temporarily and permanently restraining the defendants and all their agents, deputies, and assistants and all law officers from enforcing, or attempting to enforce, the provisions of Sections 713 and 714 of Volume 2 of the Code of Laws of 1922, so as to prevent the plaintiff, and other persons similarly situated, from selling gasoline and motor oils on Sundays.

Upon proper application, the plaintiffs were granted a temporary injunction by his Honor, William H. Grimball, Judge of the Ninth Circuit, and the defendants were required to show cause why the restraining order should not be continued herein *pendente lite.* The defendants made return to the order of the Circuit Judge, but the same was deemed insufficient by him and the restraining order theretofore issued was continued in force, pending the final determination of the litigation. The order of Judge Grimball, dated April 9, 1927, will be incorporated in the report of the case.

The defendants have appealed from the order last mentioned to this Court.

The complaint of the plaintiff and the return of the defendants, together with the order of the Circuit Judge and the exceptions of the appellants, raise four questions:

(1) Do Sections 713 and 714 of Volume 2 of the Code 1922 apply to the sale of gasoline and motor oils?

(2) Can gasoline and motor oils be sold on Sunday to any and all persons, under any and all circumstances, upon the theory that the sale thereof is to be considered a work of necessity?

(3) Do the provisions of the sections before referred to apply to corporations?

(4) Was it proper for the Court of Equity to grant the order restraining the peace officers from prosecuting parties for violation of the sections mentioned?

In proceeding to a consideration of the questions stated, we may remark that in the most interesting arguments of the able attorneys for both the appellants and the respondents, we have been cited to numerous cases decided by the Courts of the United States and many of the States of the American Union, but we are firmly of the opinion that each and all of the questions before us for consideration are fully controlled by the statutes of this State and the decisions of our own Court; and, while we have enjoyed reading the many decisions from other Courts touching, in many respects, the issues before us for determination, we are, nevertheless, bound by our own decisions and must look to them alone.

The sections of the Criminal Code to be construed are found in Chapter 16 of Volume 2 of the Code of 1922, under the title, "Nonobservance of the Lord's Day, and disturbing religious worship," and are as follows:

"(713) § 1. *Penalty for Working on Sunday.*—No tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any worldly labor, business, or work of their ordinary callings upon the Lord's Day (commonly called the Sabbath), or any part thereof (work of necessity or charity only excepted) ; and every person being of the age of fifteen years or upwards, offending in the premises, shall, for every such offense, forfeit the sum of one dollar."

"(714) § 2. *Penalty for Selling Goods on Sunday.*— No person or persons whatsoever shall publicly cry, show forth, or expose to sale, any wares, merchandise, fruit, herbs, goods, or chattels whatsoever, upon the Lord's Day, or any part thereof, upon pain that every person so offending shall forfeit the same goods so cried, or showed forth, or exposed to sale."

Does the word "merchandise," as used in Section 714, include gasoline and motor oils? In Webster's New International Dictionary, the word "merchandise" is defined as follows:

"The objects of commerce; whatever is usually bought or sold in trade, or market, or by merchants; wares; goods; commodities."

In the well-recognized authority, 2 Bouv. Law Dict., p. 2195, the following definition is given to the word:

"A term including all those things which merchants sell, either wholesale or retail: as, dry goods, hardware, groceries, drugs, etc. It is usually applied to personal chattels only, and to those which are not required for food or immediate support, but such as remain after having been used, or which are used only by a slow consumption. * * *

"It may be and often is used as the synonym of 'goods,' 'wares' and 'commodities.'"

The statutes set forth were held broad enough to include the sale of chewing gum and cigars in the case of *Cain v. Daly,* 74 S. C., 480; 55 S. E., 110; to cover sales of ice and fresh meats in the case of *State v. James,* 81 S. C., 197; 62 S. E., 214; 18 L. R. A. (N. S.), 617; 128 Am. St. Rep., 902; 16 Ann. Cas., 277; to include cigars in *State v. Hondros,* 100 S. C., 242; 84 S. E., 781; and cigars and ice cream in *Oliveros v. Henderson,* 116 S. C., 77; 106 S. E., 855.

Under the definitions referred to in the authorities above cited, and in line with the former decisions of this Court, we think there can be no doubt that gasoline and motor oils are embraced in the term "merchandise" as used in the statute.

Since gasoline and motor oils are articles of commerce, and merchandise within the meaning of Section 714, it necessarily follows that no person "shall publicly cry, show forth, or expose to sale" any such merchandise "upon the Lord's Day, or any part thereof," and

that "no tradesman, * * * workman, laborer, or other person whatsoever, shall * * * exercise" the business or work of selling gasoline and motor oils on Sunday, if such business or work be "of their ordinary callings," unless the sale so made or the business so exercised is excused by reason of "necessity or charity," as provided in the statute.

As to the second question, we cannot agree with the Circuit Judge that, as a matter of law, the sale of gasoline and motor oils on Sundays can be declared by the Court to be deeked a work of necessity. The fact that the use of motor vehicles and the need of gasoline and oil therefor was not known in the eighteenth century, when the statutes under consideration were first enacted, cannot have bearing in this regard. The General Assembly from time to time has re-enacted these statutes, and, in some instances, has amended them. They were last re-enacted in 1922, and at that time motor vehicles were in common use by the citizens of the State and the legislators were well advised of such use.

We are unable to agree either with the statement of the learned Circuit Judge that the Court should take notice of the fact that, although it was vetoed by the Governor, an Act was recently adopted by both Houses of our General Assembly, which permitted the sale of gasoline and motor oils on Sundays, and that this may be regarded as an evidence of legislative intent. The Court must bear in mind that, under the Constitution of this State, it is necessary to effect the repeal of a statute that the measure looking to such repeal shall be voted favorably by a majority of both Houses of the General Assembly and have the approval of the Governor, or in the event of a veto by the Governor that the proposed legislation must be passed by two-thirds of the members of each of the Houses.

The failure of the General Assembly to pass the proposed legislation over the veto of the Governor, if it has

any significance at all, should be regarded as evidence that the General Assembly intended the statutes proposed to be repealed to remain of full force and effect. It is our fixed view, however, that the proposed change in the "Sunday laws" is not to be considered by this Court in any way whatsoever in determining the questions now before us.

Touching upon the meaning of the word "necessity," as found in the statute, speaking for the whole Court, in the case of *State v. James, supra,* Mr. Justice Woods said this:

"A work of necessity, within the meaning of the statute, may be that labor necessary to save the worker himself from unforeseen and irreparable loss, or it may be that necessary to the community. There is no evidence that the sales or deliveries here under consideration were made to persons who had any unusual or sudden necessity for these articles, so the question here is whether such sales or deliveries on Sunday are ordinarily necessary to the people constituting the municipal community of the Town of Manning. It is impossible to state, in the form of a legal proposition, the degree of need or inconvenience which would amount to necessity. *Lawton v. Rivers,* 2 McCord, 446 [13 Am. Dec., 741]. Necessity is an elastic term. It does not mean that which is indispensable, but it means something more than that which is merely needful or desirable. No doubt a thing which is merely needful or desirable to the residents of a town might be a necessity to the residents of a great city. So, also, that which was a luxury a century ago may have become now a necessity. There is always, however, a tendency, which ought not to be sanctioned, to claim accustomed luxuries as necessities falling within the exception of the law.

"The obvious intention of the statute is to set apart one day for rest from ordinary labor, so as to give opportunity to all for leisure and the contemplation of the higher things of life. This purpose would be defeated if the Courts should

hold every work a necessity, the interruption of which would break into the ordinary habits of the community, or produce a degree of public inconvenience or discomfort. Assuming that supplies could not be laid in on Saturday, there is still no ground to say it is a grievous deprivation not to have ice and fresh meat every day in the week."

In the case of *Smith v. Telegraph Company,* 72 S. C., 116; 51 S. E., 537, the action was for mental anguish for alleged negligence and willful failure on the part of the Telegraph Company to promptly deliver a message relating to the sickness and approaching death of a relative of the plaintiff. The message was filed on Sunday and the question arose as to the effect of the Sunday laws, particularly what is now Section 713, before quoted. In the opinion in that case, which was written for this Court by Mr. Justice Jones, the following statement was made:

"So that if this statute be held to prohibit an operator or messenger from delivering ordinary social and business telegraphic messages on Sunday, it would have no application to a message of the kind in question, as it properly falls within the excepted classes as a work of necessity or charity, since it relates to sickness and approaching death of a relative."

In the decisions of this Court, it has been held that the sale of clothing on Sunday was not ordinarily a necessity *(City Council of Charleston v. Benjamin,* 2 Strob. [33 S. C. L.], 521; 49 Am. Dec., 608*)*; and the same holding has been made as to fresh meats and ice *(State v. James, supra*]. In the case of *Oliveros v. Henderson,* 116 S. C., 77; 106 S. E., 855, it was decided that the sale of ice cream and cigars could not be held, as a matter of law, to be an act of charity, even when the profits of such sale were devoted to charitable institutions.

The sale of gasoline and motor oils, like the sale of medicines, clothing, ice, and many articles, on Sunday, may at

some times become necessary. It is impossible for this Court to lay down, as a matter of law, any hard and fast rule as to what is and what is not a necessity as to such sales. The Legislature, through all these years, running into centuries, has failed to declare what shall constitute a necessity under the statute, and it must be assumed that there has been good reason therefor. Undoubtedly, it was due to the fact that the many wise men who have sat in the General Assembly were well aware that what might be considered a necessity at some time and place would at another time and place be deemed otherwise. We can easily imagine that the earnest and sincere lawmakers, who, from time to time, have been confronted with questions pertaining to Sunday laws, while desirous of doing all they could to "remember the Sabbath Day, to keep it holy," nevertheless, have recalled a question of the Great Teacher, "Doth not each one of you on the Sabbath loose his ox or his ass from the stall, and lead him away to watering."

We can do no better than to follow in the footsteps of the distinguished Justice Woods, whose view was fully concurred in by three of our former able Chief Justices, Pope, Jones, and Gary, and declare that:

*"It is impossible to state, in the form of a legal proposition, the degree of need or inconvenience which would amount to necessity.* \* \* \* *Necessity is an elastic term. It does not mean that which is indispensable, but it means something more than that which is merely needful or desirable."*

We might give many illustrations of what we consider conditions sufficient to create a necessity for the sale of gasoline and motor oils on Sunday, just as we might give them of like sales of other articles of merchandise. To do so, however, would result, perhaps, or at least it might be so construed, as an effort on our part to do what we have declared in effect we cannot do—lay

11—S. C. R.

down, as a matter of law, an ironclad rule on the subject. We are content, therefore, to say only what we hold, which is as follows: That the sale of gasoline and motor oils on Sunday, and the exercise of the business of selling those articles, can only be engaged in, under the law, where it is done, as stated in the Statute, as a "work of necessity or charity"; that the burden of showing the necessity or charity must rest upon the seller; and that the guilt or innocence of any person, charged with the violation of the Statute, must depend entirely upon the facts and circumstances of each case, as is the general rule in all prosecutions for criminal offenses.

Referring to the third question, we agree with the general proposition advanced by the appellants that corporations are sometimes subject to indictment, trial, conviction, sentence, and punishment for crime. When it is so sought to do these things, or either of them, however, the authority must clearly appear in the law. This position is absolutely warranted by the holding of this Court in the case of *State v. Southern Exp. Co.,* 107 S. C., 349; 92 S. E., 1054. In that case, the defendant, a corporation, was convicted and sentenced for the violation of the prohibition law, termed commonly at the time "the gallon a month law." In reversing the conviction and sentence, this Court, speaking through Mr. Justice Fraser, said:

"The only other question that legitimately arises in this case is as to the punishment of a corporation for violation of the Statute. The Statute (the gallon a month Statute) provides in section 1: 'It shall be unlawful for any person, firm, corporation or company to ship, transport,' etc.

"Section 7 provides: 'Any person violating any of the provisions of this act shall be subject to a fine of not less than one hundred dollars, or imprisonment for not less than three months, or both, in the discretion of the Court.'

"Criminal Statutes must be strictly construed. The act itself uses the words, 'persons, firms, corporations or company.' So the Legislature had the difference between persons, firms, corporations and companies in mind, and, mindful of the difference, has seen fit to punish the person, and not the firms, corporations or companies. For this reason the indictment should have been quashed, and the judgment as to the defendant corporation is reversed."

An examination of Sections 713 and 714 readily disclosse that the General Assembly has not included corporations among those subject to fine or forfeitures for offending against the provisions of the sections.

The view we have of this matter is further strengthened because of the language of Section 716, Volume 2, Code 1922, which was first enacted in 1899. That section is as follows:

"(716) § 4. *Certain Labor on Sunday Prohibited.*— In addition to the penalties prescribed against tradesmen, artificers, workmen and laborers who shall do or exercise any worldly labor, business or work of their ordinary calling upon the Lord's Day (commonly called the Sabbath) or Sunday, or any part thereof, any corporation, company, firm or person who shall order, require or direct any work to be done in any machine shop or shops on Sunday, except in cases of emergency, shall, upon conviction, be deemed guilty of a misdemeanor, and shall be fined in a sum not less than one hundred dollars and not more than five hundred dollars for each offense."

It is to be observed that in this last section not only a person, but "any corporation, company, firm" is subject to punishment; and that the penalties provided therein are expressly stated to be "in addition to the penalties prescribed against tradesmen, artificers, workmen and laborers" who violate the provisions of Sections 713 and 714.

The wording of Section 716 is clearly legislative recognition that Sections 713 and 714, prior to the adoption of Section 716, did not contemplate the punishment of corporations for violation of the Sunday laws. It is to be noted also that quite a distinction is made as to the punishment to be meted out to persons who perform work or labor on Sunday and a corporation that violates the provisions of Section 716, since the former can only be fined $1, while the latter shall be fined not less than $100.

As did the Circuit Judge, we also call attention to the provision contained in Section 713, that the law there declared was only to apply to "every person being of the age of fifteen years or upwards." Certainly, if it had been the intention to embrace corporations in the provisions of that section, the clause as to age would not have been inserted.

In this connection, we deem it right and proper that we call attention to another view we have as to Sections 713 and 714: That while a corporation cannot be indicted and punished thereunder, the individuals who happen to be officers, directors, agents, employees, or servants of the corporation who violate the terms of that statute are, nevertheless, subject to prosecution and punishment for such violations.

We think the Circuit Judge committed error in granting the restraining order in this case. The law on this subject seems to us to be well settled by the decision of this Court in the case of *Cain v. Daly,* already cited. Therein, Mr. Justice Jones, whose opinion was concurred in by the whole Court, held as follows:

"Ordinarily a Court of Equity has no jurisdiction to restrain criminal proceedings unless such proceedings are instituted by a party to the suit in equity to try the same right in issue before the Court of Equity [citing cases]. But when the ordinance or statute under which the pros-

ecutions are had is clearly void and irreparable injury to property rights may result for its enforcement, equity may interfere."

There can be no question as to the constitutionality of the statutes under consideration. That has been repeatedly held by this Court from the case of *City Council of Charleston v. Benjamin,* 2 Strob. (33 S. C. L.), 521; 49 Am. Dec., 608, which was decided in 1846, down to the case of *State v. Hondros, supra,* decided in 1915.

After reaching the conclusion that the statutes sought to be enforced are valid, it necessarily follows that it was improper to enjoin their enforcement.

The judgment of this Court is that the order of injunction appealed from be, and the same is hereby, reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE CARTER (concurring): I am in full accord with the views expressed in the opinion of Mr. Justice Blease, that the sale of gasoline and motor oils on Sunday is clearly prohibited by the statutes of our State, except in cases of charity or necessity; and, further, that this Court should not undertake to state what condition or what state of facts should exist to constitute a necessity. The Legislature having not thought proper, in the passage of the Act, to prescribe what condition should exist to constitute a necessity, it is beyond the sphere of this Court to do so, and the question becomes one of fact to be determined from all of the surrounding circumstances in each instance. Whether it would be better for the law to prescribe what conditions should exist to constitute a necessity is a matter for the wise consideration of our legislative body, and not for this Court.

MR. JUSTICE COTHRAN (concurring in result): No question is raised as to the constitutionality of the legislation. As to that, I reserve my opinion.