## 10179

### STRICKLAND v. SEABOARD AIR LINE RY. CO.

#### (98 S. E. 853.)

1. CONSTITUTIONAL LAW—JURISDICTION—POWER OF LEGISLATURE.—Where the Constitution confers jurisdiction upon a Court, the legislature cannot take it away.

2. COURTS—CONSTITUTION—COUNTY COURT—COURT OF COMMON PLEAS.— Since the legislature cannot deprive the Court of Common Pleas of the jurisdiction in civil cases or of the appellate jurisdiction in cases within the jurisdiction of magistrates' Courts, given by Const., art. V, sec. 15, the legislative power, given by sec. 1, to establish county Courts, may be exerted by conferring upon a county Court established by the legislature concurrent jurisdiction with that invested in the Court of Common Pleas, including, in view of sec. 23, concurrent jurisdiction over appeals from magistrates' Courts.

3. STATUTES — PARTIAL UNCONSTITUTIONALITY. — In view of Const., art.
   V, secs. 1, 15, 23, the act creating a county Court for Richland
   county, act March 1, 1917 (30 St. at Large, p. 156), sec. 3, purporting
   to confer upon that Court exclusive jurisdiction over appeals from
   magistrates' Courts, is constitutional so far as it gives such Court
   jurisdiction of such appeals, and unconstitutional and void only so
   far as it attempts to make that jurisdiction exclusive.

Before TOWNSEND, J., Richland, —— term, ——.
Affirmed.

Action by Henry R. Strickland against the Seaboard Air
Line Railway Company. From judgment for defendant,
plaintiff appeals.

*Mr. Geo. A. Alderman,* for appellant, submits: *There is
but one question involved, to wit: Is the act creating the
County Court unconstitutional, wherein it provides exclusive
jurisdiction in said County Court to hear civil appeals from
magistrates' Courts:* (See acts of 1917, p. 156, sec. 3,)
*The act is constitutional:* State Constitution 1895, article V,
sections 1, 15 and 23; 61 S. C. 205; 82 S. C. 22; 101 S. C.
325; 10 Wall. 673; 106 S. C. 73; 3 DeS. 476; 16 S. C. 32,
36; 9 Pick. 316; 24 S. C. 68.

*Mr. H. N. Edmunds,* for respondent, cites: *Constitution
1895, art V, sec. 15.*

April 7, 1919.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

The question for decision in this case is whether the provi-
sion of section 3 of the act creating a County Court for
Richland county (30 Stat. 156), which confers upon that
Court exclusive jurisdiction to hear and determine appeals
in all civil cases from magistrates' Courts, is constitutional.

The provisions of the Constitution bearing upon the ques-
tion are found in sections 1, 15, and 23 of article V, the per-
tinent parts of which are:

"Section 1. The judicial power of this State shall be vested in a Supreme Court, in two Circuit Courts, to wit: A Court of Common Pleas having civil jurisdiction and a Court of General Sessions with criminal jurisdiction only. The General Assembly may also establish County Courts, municipal Courts and such Courts in any or all of the counties of this State inferior to Circuit Courts as may be deemed necessary, but none of such Courts shall ever be invested with jurisdiction to try cases of murder, manslaughter, rape or attempt to rape, arson, common law burglary, bribery or perjury."

"Sec. 15. The Courts of Common Pleas shall have original jurisdiction, subject to appeal to the Supreme Court, to issue writs or orders of injunction, mandamus, *habeas corpus,* and such other writs as may be necessary to carry their powers into full effect. They shall have jurisdiction in all civil cases. They shall have appellate jurisdiction in all civil cases within the jurisdiction of inferior Courts, except from such inferior Court from which the General Assembly shall provide an appeal directly to the Supreme Court."

"Sec. 23. Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides, and every criminal action in the county where the offense was committed. In all cases tried by them, the right of appeal shall be secured under such rules and regulations as may be provided by law."

Section 15 confers upon the Court of Common Pleas jurisdiction in all civil cases, and appellate jurisdiction in all cases within the jurisdiction of magistrates' Courts, since they are inferior Courts from which appeals are not allowed directly to the Supreme Court. Where the Constitution confers jurisdiction upon a Court, the legislature cannot take it away. Therefore, the legislature cannot deprive the Court of Common Pleas of jurisdiction in any civil case, nor of appellate jurisdiction in cases within the jurisdiction of magistrates' Courts except by providing

for a direct appeal from these Courts to the Supreme Court. But the power conferred upon the legislature (by section 1) to establish County Courts, and other Courts inferior to Circuit Courts, carried with it, by necessary implication, the power to invest such Courts with jurisdiction, which necessarily must be of cases within the jurisdiction of the Circuit Courts, since they had already been invested with jurisdiction in all civil and criminal cases, and the exception of certain cases implies power to confer upon them jurisdiction in such others as the legislature may determine. But the power so implied must be exerted so as to avoid conflict with the express provisions of the Constitution. This may be done by conferring upon such inferior Courts concurrent jurisdiction with that vested in the Court of Common Pleas, since that does not deprive the latter of the jurisdiction vested in it by the Constitution. In conformity with this principle, the legislature made the original jurisdiction of the County Court concurrent with that of the Court of Common Pleas; but, in violation of it and of the express provision of the Constitution, it attempted to give the County Court exclusive jurisdiction of appeals from the Court of magistrates.

As the legislature clearly had the power to give the County Court concurrent jurisdiction of such appeals, and as the greater includes the less, so much of the act as gives the County Court jurisdiction of such appeals is valid, and only so much of it is void as attempts to make that jurisdiction exclusive. It follows that the County Court has concurrent jurisdiction with the Court of Common Pleas to hear such appeals.

The provision of section 23 fortifies this conclusion, for, while it is there declared that, in all cases tried by magistrates, the right of appeal shall be secured, no appellate tribunal is specified; and we find no inhibition in that section, or elsewhere, against providing for an appeal to any other than the Circuit Court. The intention there expressed

is that the right of appeal to some higher tribunal shall be secured by law, and that it shall be subject to such rules and regulations as the legislature may see fit to adopt; that is, such as fix the time within which and the conditions upon which an appeal may be taken, the manner in which it shall be prepared and prosecuted, and so forth.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.