12573

XEPAPAS *ET AL.* v. RICHARDSON, CHIEF CONSTABLE, *ET AL.*

(146 S. E., 686)

*Mr. G. Duncan Bellinger,* for petitioners,

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphrey,* for respondents,

February 5, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In this action the petitioners (plaintiffs) allege that as individuals and partners they are respectively engaged in the mercantile business in the City of Columbia; that some of them are Israelites and of the Hebrew faith, while others of them are Christians and of that religious faith; that for

many years they have operated their places of business on Sundays; that the respondents (defendants), certain Peace Officers, threaten to enter upon the premises of the plaintiffs and to seize, confiscate, and sell their goods, wares, and merchandise offered or exposed for sale on Sunday, under pursuance of Sections 713, 714, and 717 of the Criminal Code of 1922, Vol. 2, c. 16. The petitioners allege that the sections of the Code referred to are unconstitutional, null, and void, in that they violate, and are in conflict with, many of the provisions of the Constitution of the State of South Carolina and the Constitution of the United States: The petitioners pray that the defendants be enjoined from seizing, confiscating, and selling their goods.

The respondents, by their return, admit their intention to enforce the provisions of the statutes mentioned, and allege that it is their duty so to do, and they set up the validity of the legislative enactments attacked.

It is only necessary at this time, under the view we take, to discuss five issues made in the case.

The first of these is the contention of the petitioners that the statutes under consideration are in violation of Section 4, Art. 1, of the Constitution of 1895, in that the said statutes are laws respecting the establishment of religion. The particular language of the section and article mentioned is as follows: "The General Assembly shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." In this connection, it is also urged that these statutes violate the Fourteenth Amendment of the Constitution of the United States, which guarantees the equal protection of the law to all citizens of the State and the United States. The petitioners declare that Hebrews and Seventh Day Adventists do not observe Sunday, or the Christian Sabbath, as their day of rest and worship, and the laws under consideration have the effect of requiring them to observe the Christian Sabbath instead of Saturday, the day set apart according to their religious belief for rest and worship.

Without entering upon any religious discussion, we point to the case of *City Council of Charleston v. Benjamin,* 2 Strob. (33 S. C. L.), 521, 49 Am. Dec., 608, as being decisive in this State of the question here raised. The *Benjamin case,* decided in 1846, has been reaffirmed from time to time by this Court, and, in a way, was approved as late as the case of *Charleston Oil Co. v. Poulnot,* 143 S. C., 283, 141 S. E., 454, decided in 1928.

In addition to the cases in this State holding that the statutes here attacked do not contravene the provisions of the Constitutions of either the State or the United States, which prohibit the legislative power from enacting laws respecting the establishment of religion, or prohibiting the free exercise thereof, we call attention to the fact that all the well-recognized lawwriters in the United States are of the same opinion. See articles on Sunday Laws in R. C. L., American & English Encyclopedia of Law, and Cyclopedia of Law. The great constitutional authority, Judge Cooley, in his work on Constitutional Limitations, says this: "We have elsewhere referred to cases in which laws requiring all persons to refrain from their ordinary callings on the first day of the week have been held not to encroach upon the religious liberty of those citizens who do not observe that day as sacred. Neither are they unconstitutional as a restraint upon trade and commerce, or because they have the effect to destroy the value of a lease of property to be used on that day, or to make void a contract for Sunday services. *There can no longer be any question, if any there ever was, that such laws may be supported as regulations of police."* Cooley's Constitutional Limitations (7th Ed.), p. 859. (Italics added.)

The second position of the petitioners is that the right of jury trial is denied by the sections under examination, particularly by the provisions of Section 717. The last-mentioned section contains the following language: "* * * Every Magistrate within his county shall have power and authority to

summon before him any person or persons whatsoever who shall offend in any of the particulars before mentioned, *and upon his own view,* or confession of the party, or proof of any one or more witnesses, upon oath, the said Magistrate shall give a warrant, under his seal, to seize the said goods cried, showed forth, or put on sale as aforesaid, and to sell same."

The petitioners insist that the words we have italicized, "upon his own view," leave it absolutely to a magistrate, without jury trial, to pass upon the guilt or innocence of one charged with selling goods on Sunday, and upon conviction by the magistrate to declare a forfeiture of the goods. It is argued that the provisions of the statute referred to are in conflict with Articles 7 and 14 of the Amendments of the Constitution of the United States, and Sections 5, 18 and 25 of Article 1 of our own Constitution.

The Seventh Amendment to the Federal Constitution provides, "In suits at common law, where the value in controversy shall exceed Twenty Dollars, the right of trial by jury shall be preserved.  *  *  * "  The petitioners cannot appeal to that amendment to sustain their contention, for it has been repeatedly held by the Supreme Court of the United States that the amendment applies only to Courts sitting under the authority of the United States. See *Pearson v. Yewdall,* 95 U. S., 294, 24 L. Ed., 436, and numerous other cases cited in the Revised and Annotated Constitution of the United States 1924, p. 623, published under the authority of Congress.

The part of the Fourteenth Amendment to the Federal Constitution to which the plaintiffs have referred is a clause which provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." Section 5 of Article 1 of our own Constitution contains a similar provision.

Section 18 of Article 1 of the Constitution of this State guarantees to an accused in all criminal prosecutions the

right of trial by an impartial jury. Section 25 of the same article is. as follows: "The right of trial by jury shall be preserved inviolate."

It is the duty of this Court, however, to sustain the constitutionality of any legislative enactment whenever it is possible to do so. And, in order to do this, we must not only consider the challenged statute, but any and all provisions of our laws, which in any way bear upon, or are connected with, the enactment under consideration.

Section 27, Vol. 1, of the Code of Criminal Procedure 1922, declares: "Every person arrested and brought before a Magistrate, charged with an offense within his jurisdiction, shall be entitled, on demand, to a trial by jury, which shall be selected as provided in Section 2245 of Vol. III."

Section 2244 of Volume 3 of the Code is as. follows: "Either party to suit before a Magistrate shall be entitled to a trial by jury."

The rules to be observed by the Court in giving effect to parts of a statute which are constitutional, when other parts thereof are unconstitutional, as laid down by Mr. Cooley in his book on Constitutional Limitations (6th Ed.), pp. 211 and 212, have been approved by this Court in several cases, and are as follows: "If when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. The difficulty is in determining whether the good and bad parts of the statute are capable of being separated within the meaning of the rule. If a statute attempted to accomplish two or more objects, and is void as to one, it may still be, in every respect, complete and valid as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fall, unless sufficient remains to effect the objects, without the aid of the invalid portion, and if they are so mutually connected with and dependent upon

each other, as conditions, considerations or compensations for each other, as to warrant the belief, that the Legislature intended them as a whole, and if all could not be carried into effect, the Legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditionally connected, must fall with them." *State v. Warehouse Commission,* 92 S. C., 81, 75 S. E., 392; *Utsey v. Hiott,* 30 S. C., 360, 9 S. E., 338, 14 Am. St. Rep., 910; *Murph v. Landrum,* 76 S. C., 21, 56 S. E., 850.

This Court has repeatedly held that statutes constitutional in part will be upheld as to those parts when it is possible so to do. See *State v. Johnson,* 76 S. C., 39, 56 S. E., 544, 11 Ann. Cas., 721; *People's Bank of Rock Hill v. People's Bank of Anderson,* 122 S. C., 476, 115 S. E., 736; *State v. Burns,* 73 S. C., 194, 52 S. E., 960; *Strickland v. Railway Co.,* 112 S. C., 67, 98 S. E., 853; *State v. Glover,* 91 S. C., 562, 75 S. E., 218.

In this connection, we also call attention to a few statements of general principles from a well-recognized authority as to the construction of statutes:

"Every statute is to be construed with reference to the general system of laws of which it forms a part, and must, therefore, be interpreted in the light of the customary or unwritten law, of other statutes on the same subject, and of the decisions of the Courts." 36 Cyc., 1144.

"The Code as a whole should be construed with reference to the system of jurisprudence to which it belongs; and all its different parts, particularly those parts which relate to the same subject, must be construed together, with a view to harmonizing them, if possible, and giving effect to each. A Code also should be so construed as to promote the object of the Legislature in compiling and adopting it.  *  *  *  The different sections should be regarded, not as prior and subsequent Acts, but as simultaneous expressions of the legislative will.  *  *  *  So where the Legislature has re-

vised a statute after a Constitution has been adopted, such a revision is to be regarded as a legislative construction that the statute so revised conforms to the Constitution." 36 Cyc., 1167 and 1168.

Construing Sections 713, 714, and 717, together with the other sections of the Code to which attention has been called, it is our conclusion that one who is charged with offending either of the sections under examination in this case is entitled to trial by jury, and, accordingly, neither of the sections can be held to be unconstitutional on the ground that it conflicts with any provision of the organic law, which guarantees or preserves the right of trial by jury.

The third contention of the petitioners is that the statutes under consideration, and especially Section 717, are invalid because they extend power and authority to Magistrates beyond the limits fixed by Section 21 of Article 5 of the Constitution of 1895. The constitutional provisions upon which the petitioners rely are as follows: "Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the value of property in controversy, or the amount claimed, exceeds one hundred dollars, or to cases where the title to real estate is in question, or to cases in chancery. They shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: *Provided, further,* Such jurisdiction shall not extend to cases where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days."

The petitioners concede that the decision of this Court in the case of *State v. Hondros,* 100 S. C., 242, 84 S. E., 781, is opposed to their view, and, upon their proper petition therefor, the Court has given leave that the decision in that case may be reviewed. In the *Hondros case,* decided in 1914, the defendant was charged with the violation of what is now Section 714, by selling and exposing for sale certain cigars.

Twelve boxes of cigars, partially filled, aggregating 283 cigars, worth $14.15, were seized and sold in the case. On appeal to the Circuit Court, the action of the Magistrate was approved. On appeal to this Court, among the numerous questions raised was the identical question that we now have under consideration. It was argued by counsel for the defendant that, "if the Magistrate could pronounce a forfeiture of twelve boxes he could, under the same *modus operandi*, forfeit one thousand boxes, a power void under the principle of *reductio ad absurdum*." Mr. Justice Gage, speaking for this Court, in reply to the argument made, said: "If there be an absurdity, it lies in the contention that the power to do a reasonable thing involves also the power to do an unreasonable thing."

In the opinion of the Court, attention was directed to the provisions of what was then Section 20 of the Criminal Code of Procedure of 1912, now Section 19 of the present Code. That section gives Magistrates "jurisdiction of all offenses which may be subject to the penalties of either fine or *forfeitures* not exceeding one hundred dollars, or imprisonment in the jail or workhouse not exceeding thirty days."

Mr. Justice Gage pointed out "that the word 'punishment,' as used in the Constitution at Article V, Section 21, does not include a forfeiture, such, for instance, as that prescribed by Section 699 [now Section 714] of the Criminal Code." As authority for the holding, the case of *State v. Hunter,* 79 S. C., 91, 60 S. E., 226, was cited. Evidently, there was an error in the case cited, for the *Hunter case* has absolutely no bearing. The case intended to be cited was that of the *State v. Pope,* which is concluded in 79 S. C., at page 91, the report of the case beginning at page 87 (60 S. E., 234).

It was further stated in the *Hondros case* that, under what are now Sections 714 and 717, the selling of goods on Sunday was not a crime punishable by fine or imprisonment; that the vendor was not arrested upon a warrant issued, but

that he was "summoned" before the Magistrate; that the judgment was *in rem,* "and the person of the vendor goes free."

With the greatest respect for the learned Justices who participated in the decision of the *Hondros case,* and with the greatest esteem for the ability of the able Justice who wrote the opinion therein, we are frank to say that we do not fully understand that opinion. The appellant there raised a great number of questions and cited no authority to sustain any of them. In speaking of the questions raised, and the manner in which they had been presented, Mr. Justice Gage rather curtly said this: "The appellant has cited no case and no text to sustain his exceptions about these constitutional enactments; he has simply thrown them in as drag nets, and we are disposed to take them out in like manner."

From a careful study of the opinion in the *Hondros case,* the constitutional provisions under consideration, Section 19 of the Code of Criminal Procedure, and Sections 714 and 717 of the Criminal Code, we think it must have been the intention of the Court to declare in the *Hondros case* that a Magistrate had the power in the enforcement of the Sunday laws, upon proper procedure, to seize and sell goods of the offending person, but that such seizure should be limited to a recovery of not more than the sum of $100.00 and the costs of the distress and sale. This view is in harmony with the provisions of Section 717, which require "returning the overplus, if any be, after charges, allowed for the distress and sale." Upon this view alone, as we see it, can a Magistrate have jurisdiction in the premises and be given leave to sell the goods of an offending person. It may be, as held in the *Hondros case,* that the "forfeitures," provided for in Sections 714 and 717, by a Magistrate, are not forbidden under the Constitution. It is clear to our minds that the provisions of Section 19 of the Code of Criminal Procedure do limit a Magistrate's jurisdiction even in cases of forfeiture to an amount not exceeding $100.00.

It is not absolutely necessary, as we see the issues here, to overrule any holding in the *Hondros case.* It is our opinion, however, that the Constitution of this State, the provisions of which have been quoted before, limits the jurisdiction of a Magistrate, not only in the imposition of fines to an amount not exceeding $100.00, but also as to forfeitures in a like sum. We do not regard the holding of this Court in the case of *State v. Pope, supra,* as being contrary to our view. The forfeiture there referred to was of certain contraband liquors, and the section of the Code (583 of the Criminal Code of 1902), upon which the Court based its decision, distinctly provided that a proceeding against such liquors was one *in rem.* It must be remembered, too, that contraband liquors have always been regarded as such property which is unlawful *per se,* and it is well recognized that the same may be absolutely destroyed. It is quite different with goods, wares, and merchandise, which an owner has the right to lawfully sell and dispose of. Such owner may forfeit such goods, wares, and merchandise if he attempts to dispose of them contrary to law. The goods, under our statute, are not to be absolutely destroyed, but are to be sold as required by the law.

When the General Assembly, upon the adoption of the Code of Laws of 1922, gave a Magistrate, by Section 717 of the Criminal Code, jurisdiction to sell goods, wares, and merchandise in the enforcement of the Sunday laws, it must have been intended that such jurisdiction be limited as provided in Section 19 of the Code of Criminal Procedure adopted at the same time, and within the limits prescribed by the Constitution as to the jurisdiction of a Magistrate. As already pointed out in this opinion, if by any fair contruction of a statute it can be held to be not opposed to any provision of the Constitution, it is the duty of the Court to sustain its validity. The views expressed by us can and do clearly sustain the validity of the statutes here attacked as to the particular issue now under consideration. In this con-

nection, however, we are reminded that the petitioners allege as a fact, which fact is admitted by the respondents, that the respondents threaten to seize goods of a far greater value than the sum of $100.00. Any seizure made, or threatened to be made, by the respondents for the purpose of declaring or recovering forfeiture of more than $100.00, and the expenses of the seizure and sale incident thereto, would, of course, be illegal.

The most serious attack made against the statutes by ██ the petitioners is that which alleges their unconstitutionality because they do not apply to corporations."

In the recent case of *Charleston Oil Co. v. Poulnot*, 143 S. C., 283, 141 S. E., 454, this Court unanimously held this: "An examination of Sections 713 and 714 readily disclose that the General Assembly has not included corporations among those subject to fine or forfeitures for offending against the provisions of the sections."

Section 5 of Article 1 of our own Constitution, among other things, declares, " * * * Nor shall any person be denied the equal protection of the laws." The Fourteenth Amendment to the Federal Constitution contains this language, "No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

This particular question seems not to have been raised in any of the cases formerly before this Court, which concerned the construction of the "Sunday Laws." In all likelihood, the decision in the *Charleston Oil Company case* suggested that the statutes might be attacked upon the ground now made.

In the case of *State v. Williams*, 32 S. C., 123, 10 S. E., 876, the Court had under consideration a statute then in existence, providing for the punishment of the breach of certain labor contracts by both landlords and laborers. The Act provided for the punishment of the landlord by a fine of not less than $50.00 nor more than $500.00, and punishment for the laborer by "fine or imprisonment according to the

gravity· of the offense." The Court, the opinion being written by Mr. Justice McIver, held that the Act was clearly unconstitutional because of the discrimination in the punishment.

In the case of *City of Laurens v. Anderson,* 75 S. C., 62; 55 S. E., 136, 117 Am. St. Rep., 885, 9 Ann. Cas., 1003, this Court passed upon an Act of the General Assembly which exempted soldiers and sailors of the Confederacy from any license for carrying on any business or profession in the State. It was decided that the statute was unconstitutional, the Court holding that it denied "to those not included within its provisions the equal protection of the laws."

In the case of *Quaker City Cab Co. v. Commonwealth of Pennsylvania,* 277 U. S., 389, 48 S. Ct., 553, 72 L. Ed., 927, decided on May 28, 1928, the highest Court in the land decided that the imposition of a tax on the gross receipts of corporations operating taxicabs, when such tax was not also imposed upon individuals and partnerships engaged in the same business, unconstitutionally deprived the corporations of the equal protection of the laws.

We do not think it necessary to extend the length of this opinion by citing numerous other decisions from the Supreme Court of the United States and the Courts of last resort of many States of the Union, including our own, to show that Sections 714 and 717 must be declared unconstitutional because of the failure of these two sections to include in their provisions corporations that may be engaged in the sale of goods, wares, and merchandise on Sunday. An illustration made by counsel in the case of *Armstrong Pharmacy et al. v. Rector et al.,* 146 S. E., 692, now before this Court, is entirely sufficient, in our opinion, to show that Sections 714 and 717 deny to individuals and partnerships engaged in the sale of merchandise an equal protection of the laws. The illustration is to this effect: There are two drug stores on Main Street in the City of Greenville side

by side, or very close together. One store is owned and conducted by a partnership; the other by a corporation. Each has a stock of goods worth approximately $10,000.00. Each store carries a stock of cigars, cigarettes, and syrups. On Sunday both stores open their doors and offer their goods for sale. The property of the corporation is exempt from the law; yet the goods of the partnership may be forfeited and seized, confiscated, and sold under that same law.

We do not think, however, that the objection to the validity of Sections 714 and 717 because of the failure to include corporations in those sections applies to Section 713. There are many legislative enactments making unlawful the doing of certain acts, which can be made applicable to individuals alone, and yet may not apply to corporations. Such a statute we conceive Section 713 to be. That section makes it unlawful for any "tradesman, artificer, workman, laborer, or other person whatsoever" to "exercise any worldly labor, business, or work of their ordinary callings upon the Lord's Day (commonly called the Sabbath), or any part thereof (work of necessity or charity only excepted). * * *" It was distinctly held in the *Charleston Oil Company case, supra,* that, while this section did not apply to corporations, that the officers, agents, servants, and employees of corporations might offend the statute. It is suggested that the small punishment provided by that section, the forfeiture (or fine) of the sum of only $1.00, is such as to make the law practically ineffective, and especially so since this Court has held that the doing of several different acts in pursuance of an ordinary business calling on Sunday constitutes but one offense under what is now Section 713 of the Criminal Code. *State v. James,* 81 S. C., 197, 62 S. E., 214, 18 L. R. A. (N. S.), 617, 128 Am. St. Rep., 902, 16 Ann. Cas., 277. In reply to the argument made in the *James case* against the construction of the statute placed by the Court, on the ground of the inadequacy of a fine of $1.00 to prevent the violation of the law, Mr. Justice Woods, who spoke for this Court in

that case, said that such argument lost "its force in view of the fact that the General Assembly has not seen fit to change the penalty," though the identical holding of the Court had been declared by Lord Mansfield in England in 1777, and that the Supreme Court of the United States had likewise held *(In re Snow,* 120 U. S., 274, 7 S. Ct., 556 30 L. Ed., 658), in 1887.

In reply to the suggestion now made that the "Sunday statutes" cannot be properly enforced if the Court holds Sections 714 and 717 in conflict with the Constitution, because of the failure to include corporations in the provisions thereof as to the seizure and confiscation of goods offered for sale, we point to the fact that indication of the holding we now make was given in the case of *Charleston Oil Company v. Poulnot,* the judgment in which was filed on January 20, 1928. Since the proper authorities charged with the making of laws have not seen fit to so amend these statutes as to include corporations, this Court is justified in assuming that the clear intention has been to leave the laws as they were written in the Code of 1922.

In order that the citizens of the State, particularly those interested in the matters under discussion, may not be in any wise misled by the decision of this Court, we think it not out of place to call attention that Section 715 of the Criminal Code, which prohibits the playing of certain sports on Sunday, and Section 716 of the same volume, which forbids the doing of certain work in machine shops on Sunday, are not in any way involved in this cause, and nothing decided by the Court herein refers in any way to the two sections last mentioned. Likewise, for the purpose of avoiding misunderstanding, it may be well for the Court to point out that in no way does this case involve any ordinance of any municipality, or the construction of any such ordinance as no ordinance of any town or city has been attacked in this cause by the petitioners, and the respondents have not sought to justify any contemplated action on their part by authority of any such ordinance.

■ The last question for determination is the right of the petitioners to secure from this Court proper order enjoining and restraining the respondents from seizing, confiscating, and selling, or attempting to seize, confiscate, and sell, any of the goods, wares, and merchandise of the petitioners, or any of them, in pursuance of Sections 714 and 717 of the Criminal Code. This Court, by its judgments and decisions in a number of recent cases *(Charleston Oil Co. v. Poulnot, supra; Palmetto Golf Club v. Robinson,* 143 S. C., 347, 141 S. E., 610, included), has shown its disapproval of the practice of enjoining criminal proceedings. It has held consistently to the rule on such matters, which was laid down in the case of *Cain v. Daly,* 74 S. C., 480, 55 S. E., 110, where it was declared: "Ordinarily a Court of Equity has no jurisdiction to restrain criminal proceedings unless such proceedings are instituted by a party to the suit in equity to try the same right in issue before the Court of Equity [citing cases]. But when the ordinance or statute under which the prosecutions are had is clearly void and irreparable injury to property rights may result for its enforcement, equity may interfere."

This case, however, comes within the exception stated in the case of *Cain v. Daly.* The statutes (Sections 714 and 717) are clearly void, in the opinion of this Court, for the reason above indicated. "Irreparable injury to property rights may result for [from?] its enforcement." Equity has the right to interfere. We conceive it to be the duty of this Court to interfere for the protection of the valuable property rights of many of the citizens of the State.

A little while prior to the hearing of the case at bar, this Court also heard the case of *Armstrong Pharmacy et al., Plaintiffs, v. Carlos A. Rector, Sheriff, et al., Defendants (supra),* and the case of *Carpenter Bros. et al. v. Carlos A. Rector, Sheriff, et al., Defendants,* 146 S. E., 692. In these two cases, with the exception of one additional question, the same issues were made as those raised in the case at bar.

Because of the additional question raised in the instant case, the Court has selected this case as the one to carry its opinion. Proper judgments, based upon the opinion herein, will be entered as to the other two cases.

It is the judgment of this Court that the petitioners are entitled to an order of injunction, restraining and enjoining the defendants from attempting to enforce the provisions of Sections 714 and 717 of the Criminal Code, as prayed for in their petition, and such order will issue.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER dissents.

MR. JUSTICE COTHRAN (concurring in result) : I concur in the result, reserving my opinion upon the validity of the Sunday laws in general. My present impression is that they can be sustained only under the police power, in the interest of the health of the citizens and the economic benefit resulting from the enforcement of one day's rest and recreation in every week; that the appointment by certain religious organizations, which happen to comprise a majority of the citizenship, of a certain day in the week for such observance, regardless of the appointment of some other day by other religious organizations, and the crystallization of such appointment into a statute, departs from the reasonable exercise of the police power, and necessarily introduces the religious discrimination which the Constitution intended to exclude.