13144

STATE v. RIDDLE

(158 S. E., 833)

July, 1930.

479

*Messrs. I. C. Blackwood, Solicitor,* and *Lanham & Lanham,* for appellant, 

*Messrs. R. A. Hannon* and *C. E. Daniel,* for respondent,

May 15, 1931.

The opinion of the Court was delivered by Mr. Justice Carter.

This matter comes before this Court on appeal by the State from an order issued by his Honor, Judge T. S. Sease, granting a writ of *habeas corpus* for and discharging the defendant, C. Rhett Riddle, who was arrested on a charge of the violation of the Act of 1930 (36 Statutes, p. 1386), making it a misdemeanor for any person to "knowingly, intentionally and willfully violate the laws of the State of South Carolina enacted for the purpose of prohibiting the charging, collecting, or receiving of usurious interest." So much of the Act in question as is pertinent to the inquiry herein reads as follows:

"An Act to Make Violation of the Usury Law a Misdemeanor and to Prescribe the Punishment Therefor.

"Section 1, Be it enacted by the General Assembly of the State of South Caorlina: Any person who shall knowingly, intentionally and willfully violate the laws of the State of South Carolina enacted for the purpose of prohibiting the charging, collecting, or receiving of usurious interest upon conviction thereof in a Court of competent jurisdiction shall be deemed guilty of a misdemeanor and punishable by fine

or imprisonment, or both, in the discretion of the trial Judge within the limits prescribed by law."

By reference to the order of his Honor, Judge Sease, which order will be reported with the case, it will be seen that his Honor held the Act under consideration to be in conflict with the equal protection clauses of the State and Federal Constitutions (Const. U. S. Amend. 14, § 1; Const. S. C. Art. 1, § 5), in that the Act applied to persons only and not to corporations, and therefore, holding this view, his Honor granted the writ prayed for and discharged the defendant. We are unable to agree with this view. In our opinion the Act under consideration, when considered in connection with Section 43, Vol. 3, Code of 1922, which must be done, should be construed to include corporations as well as persons. This section of the Code reads as follows:

"(43) § 3. *Construction of Words.*—The words 'person' and 'party' and other word or words importing the singular number, used in any Act or Joint Resolution, shall be held to include firms, companies, associations and corporations, and all words in the plural number shall apply to single individuals in all cases in which the spirit and intent of the Act or Joint Resolution may require it. All words in an Act or Joint Resolution importing the masculine gender shall apply to females also, and all words importing the present tense shall apply to the future also."

In the absence of there being some provision in the Act under consideration to show that it was the intention of the Legislature for the Act not to apply to corporations, it seems clear to us that the Act should not be construed to exclude corporations. In this case we also call attention to the opinion of Mr. Justice Blease, now Chief Justice, in the case of *United States Tire Co. v. Keystone Tire Sales Co.,* 153 S. C., 56, 150 S. E., 347, 66 A. L. R., 1264, where the principle is declared, that, when the word "person" or "party" is used in a statute, it is broad enough to include corporations, unless the intention to exclude is obvious. As supporting the

same view, we also call attention to the following authorities: 7 R. C. L., 33, and 20 R. C. L., 662. The opinion in the case of *In re: Roton,* 95 S. C., 120, 78 S .E., 711, is also pertinent to the question involved.

Our attention has been called to the opinions in the cases of *Charleston Oil Co. v. Poulnot,* 143 S. C., 283, 141 S. E., 454, 60 A. L. R., 750, and *Xepapas v. Richardson,* 149 S. C., 52, 146 S. E., 686. We deem it sufficient to state that in the statutes under consideration in those cases it appeared to be the legislative intent not to include corporations, whereas, such was not the legislative intent regarding the statute involved in the case at bar. It is our opinion that the statute involved in the case at bar, viewed in connection with Section 43, Vol. 3, of the Code of 1922, must be construed, not to exclude corporations, but to include corporations.

It is the judgment of this Court that the order of the Circuit Court appealed from be reversed, and the writ revoked.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.